**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | |
|---|---|
| In re: ) | |
| ) | |
| **VISION VENTURES, LLC.** ) | |
| ) | **Case No.: 15-41629** |
| Debtor. ) | **Chapter 11 Proceeding** |
| ) | |
| ) | |
| ) | |
| ) | |

**APPLICATION OF DEBTOR-IN-POSSESSION FOR THE ENTRY OF AN ORDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014(A) AUTHORIZING THE EMPLOYMENT OF EVANS & DIXON, LLC**

COMES NOW Debtor and Debtor-in-Possession Vision Venture, LLC **("Debtor")** and moves the Court, pursuant to 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure for the entry of an order authorizing the employment of Evans & Dixon, LLC (the **"Firm"**) as counsel for the Debtor. In support of this Motion, Debtor relies on the Affidavit of Bryan C. Bacon (the "**Bacon Affidavit")**. In further support of this Motion, Debtor respectfully represents as follows:

**INTRODUCTION**

1. On March 10, 2014 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business as a debtor in possession.  No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established in this Chapter 11 case.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

4. By this Application Debtor seeks to retain Bryan C. Bacon, and the law firm of Evans & Dixon, LLC as its counsel in a Chapter 11 proceeding and all related matters, effective as of the Petition Date. Debtor seeks an order pursuant to 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure authorizing the Debtor to employ the Firm as its attorneys to perform the legal services that will be necessary during this Chapter 11 case.

5. The Debtor has selected said attorneys because they have considerable experience in matters under the Bankruptcy Laws of the United States and are well qualified to represent Debtor in this proceeding.

## SERVICES TO BE PROVIDED

6. The professional services that the Firm is are to render are:

    a. Advising Debtor with respect to his rights, power and duties in this case;

    b. Assisting and advising Debtor in his consultations with any appointed committee relative to the administration of this case;

    c. Assisting Debtor in analyzing the claims of creditors and negotiating with such creditors;

    d. Assisting Debtor with investigation of the assets, liabilities and financial condition of Debtor and reorganizing Debtor's businesses in order to maximize the value of Debtor's assets for the benefit of all creditors;

    e. Advising Debtor in connection with the sale of assets or business;

    f. Assisting Debtor in his analysis of and negotiation with any appointed committee or any third party concerning matters related to, among other things, the terms of a plan of reorganization;

    g. Assisting and advising Debtor with respect to any communications with the general creditor body regarding significant matters in this case;

    h. Commencing and prosecuting necessary and appropriate actions and/or proceedings on behalf of Debtor;

    i. Reviewing, analyzing or preparing, on behalf of Debtor, all necessary applications, motions, answers, orders, reports, schedules, pleadings and other documents;

    j. Representing Debtor at all hearings and other proceedings;

    k. Conferring with other professional advisors retained by Debtor in providing advice to Debtor; and

      l.      Performing all other necessary legal services in this case as may be requested by Debtor in these Chapter 11 proceedings; and

      m.      Assisting and advising Debtor regarding pending arbitration and litigation matters in which Debtor may be involved, including continued prosecution or defense of actions and/or negotiations on Debtor's behalf.

7.    Said attorneys do not represent any interests adverse to the Debtor, its creditors or the estate in the matters which both are to be engaged.

8.    Debtor states that the employment of said attorneys would be in the best interests of the bankruptcy estate.

## **TERMS OF RETENTION**

9.    The Firm intends to apply for compensation for its services rendered in connection with this Chapter 11 case subject to this Court's approval and in compliance with the United States Bankruptcy Code and the Local Rules of this Court on an hourly basis plus the reimbursement of actual and necessary expenses. The Firm will charge the Debtor the hourly rates consistent with the rates it charges clients in bankruptcy and non-bankruptcy matters.

10.    The Firm's rates are set at a level designed to fairly compensate the Firm for the work of its attorneys, paralegals and legal administrative assistants and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustment, without notice to the Court or any other entity, to reflect economic and other conditions and are consistent with the rates charged in non-bankruptcy matters.

11.    As of the Petition Date, the Firm has been paid the sum of $1,500.00 for services performed prior to the Petition Date. The firm is currently holding the sum of $6,000.00 as a

4

retainer. Mr. Rodney Henry lent the Debtor $7,500.00 for payment of the Firm's pre-Petition services and retainer. Mr. Rodney Henry is the 40% member and manager of the Debtor, and will retain his own counsel to represent his individual interest in Debtor's case, if needed.

## THE FIRM IS DISINTERESTED

12. The best of the Debtor's knowledge, and except as set forth in the attached Affidavit of Bryan C. Bacon, the Firm does not hold or represent any interest adverse to the estate.

13. The Firm has not represented any creditors of Debtor, any shareholders or officers of the Debtor in their individual capacity, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed by the office of the Unites States Trustee in connection with any matters adverse to Debtor, or in any capacity in which confidential knowledge of a creditor has been acquired that would bear on the proposed retention by the Debtor.

14. The Firm is a disinterested person as that phrase is defined in 11 U.S.C. § 101(14) as modified by 11 U.S.C. § 1107(b) and the Firm's employment is necessary and in the best interest of the Debtor and the bankruptcy estate.

WHEREFORE, Debtor requests that it be authorized to employ Bryan C. Bacon and the law firm of Evans & Dixon, LLC to represent it in the Chapter 11 Proceeding as of the Petition Date together with such other and further relief as this Court deems just and proper.

VISION VENTURES, LLC


By: */s/ Rodney Henry*
     Rodney Henry
     Manager